**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
Case No.: 1:24-cv-25085-JB

COSME DE CALDERON LEMUS,

      Plaintiff,

v.

BELGA ENTERPRISES, INC.,

      Defendant.

_____/

## <u>JOINT PROPOSED JURY INSTRUCTIONS</u>

**\*\*PURSUANT TO THIS COURT'S INSTRUCTIONS [ECF NO. 10] ANY PROPOSED INTRUCTIONS BELOW OBJECTED TO BY DEFENDANT AND OFFERED ONLY BY PLAINTIFF ARE *ITALICIZED*. ANY PROPOSED INTRUCTIONS BELOW OBJECTED TO BY PLAINTIFF AND OFFERED ONLY BY DEFENDANT ARE BOLDFACED.**

## <u>TO BE GIVEN AT THE BEGINNING OF THE CASE</u>

### General Preliminary Instruction

Members of the Jury:

Now that you've been sworn, I need to explain some basic principles about a civil trial and your duty as jurors. These are preliminary instructions. I'll give you more detailed instructions at the end of the trial.

The jury's duty:

It's your duty to listen to the evidence, decide what happened, and apply the law to the facts. It's my job to provide you with the law you must apply - and you must follow the law even if you disagree with it.

<u>What is evidence:</u>

You must decide the case on only the evidence presented in the courtroom. Evidence comes in many forms. It can be testimony about what someone saw, heard, or smelled. It can be an exhibit or a photograph. It can be someone's opinion.

Some evidence may prove a fact indirectly. Let's say a witness saw wet grass outside and people walking into the courthouse carrying wet umbrellas. This may be indirect evidence that it rained, even though the witness didn't personally see it rain. Indirect evidence like this is also called "circumstantial evidence" - simply a chain of circumstances that likely proves a fact.

As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind. Your job is to give each piece of evidence whatever weight you think it deserves.

What is not evidence:

During the trial, you'll hear certain things that are not evidence and you must not consider them.

First, the lawyers' statements and arguments aren't evidence. In their opening statements and closing arguments, the lawyers will discuss the case. Their remarks may help you follow each side's arguments and presentation of evidence. But the remarks themselves aren't evidence and shouldn't play a role in your deliberations.

Second, the lawyers' questions and objections aren't evidence. Only the witnesses' answers are evidence. Don't decide that something is true just because a lawyer's question suggests that it is. For example, a lawyer may ask a witness, "You saw Mr. Jones hit his sister, didn't you?" That question is not evidence of what the witness saw or what Mr. Jones did - unless the witness agrees with it.

There are rules of evidence that control what the court can receive into evidence. When a lawyer asks a witness a question or presents an exhibit, the opposing lawyer may object if [he/she] thinks the rules of evidence don't permit it. If I overrule the objection, then the witness may answer the question or the court may receive the exhibit. If I sustain the objection, then the witness cannot answer the question, and the court cannot receive the exhibit. When I sustain an objection to a question, you must ignore the question and not guess what the answer might have been.

Sometimes I may disallow evidence - this is also called "striking" evidence - and order you to disregard or ignore it. That means that you must not consider that evidence when you are deciding the case.

I may allow some evidence for only a limited purpose. When I instruct you that I have admitted an item of evidence for a limited purpose, you must consider it for only that purpose and no other.

<u>Credibility of witnesses:</u>

To reach a verdict, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. When considering a witness's testimony, you may take into account:

• the witness's opportunity and ability to see, hear, or know the things the witness is testifying about;

• the witness's memory;

• the witness's manner while testifying;

• any interest the witness has in the outcome of the case;

• any bias or prejudice the witness may have;

• any other evidence that contradicts the witness's testimony;

• the reasonableness of the witness's testimony in light of all the evidence; and

• any other factors affecting believability.

At the end of the trial, I'll give you additional guidelines for determining a witness's credibility.

Description of the case:

Defendant, BELGA ENTERPRISES, INC., employed Plaintiff, COSME DE CLARDEON LEMUS. Plaintiff alleges that the Defendant failed to pay Plaintiff his full and proper overtime wages for all the overtime hours that he worked as required by Federal Law. Plaintiff also alleges that he was unlawfully retaliated against when he was terminated as a result of his complaints about unpaid overtime. The Defendant denies that it failed to pay Plaintiff for overtime and state that Plaintiff was paid for all hours he worked. **Further, Defendant claims that Plaintiff was terminated for stealing $53,700-worth of lottery tickets from its register and not for any alleged complaints.**

**Burden of proof**:

Plaintiff has the burden of proving his case by what the law calls a "preponderance of the evidence." That means Plaintiff must prove that, in light of all the evidence, what they claim is more likely true than not. So, if you could put the evidence favoring Plaintiff and the evidence favoring Defendants on opposite sides of balancing scales, Plaintiff needs to make the scales tip to him. If Plaintiff fails to meet this burden, you must find in favor of Defendants.

To decide whether any fact has been proved by a preponderance of the evidence, you may - unless I instruct you otherwise - consider the testimony of all witnesses, regardless of who called them, and all exhibits that the court allowed, regardless of who produced them. After

considering all the evidence, if you decide a claim or fact is more likely true than not, then the claim or fact has been proved by a preponderance of the evidence.

On certain issues, called "affirmative defenses," Defendants have the burden of proving the elements of a defense by a preponderance of the evidence. I'll instruct you on the facts Defendants must prove for any affirmative defense. After considering all the evidence, if you decide that Defendants have successfully proven that the required facts are more likely true than not, the affirmative defense is proved.

While serving on the jury, you may not talk with anyone about anything related to the case. You may tell people that you're a juror and give them information about when you must be in court. But you must not discuss anything about the case itself with anyone.

You shouldn't even talk about the case with each other until you begin your deliberations. You want to make sure you've heard everything - all the evidence, the lawyers' closing arguments, and my instructions on the law - before you begin deliberating. You should keep an open mind until the end of the trial. Premature discussions may lead to a premature decision.

In this age of technology, I want to emphasize that in addition to not talking face-to-face with anyone about the case, you must not communicate with anyone about the case by any other means. This includes e-mails, text messages, and the Internet, including social-networking websites such as Facebook, MySpace, and Twitter.

You also shouldn't Google or search online or offline for any information about the case, the parties, or the law. Don't read or listen to the news about this case, visit any places related to this case, or research any fact, issue, or law related to this case. The law forbids the jurors to talk with anyone else about the case and forbids anyone else to talk to the jurors about it. It's very

important that you understand why these rules exist and why they're so important. You must base your decision only on the testimony and other evidence presented in the courtroom. It is not fair to the parties if you base your decision in any way on information you acquire outside the courtroom. For example, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me and not from any other source. Only you jurors can decide a verdict in this case. The law sees only you as fair, and only you have promised to be fair - no one else is so qualified.

Taking notes:

If you wish, you may take notes to help you remember what the witnesses said. If you do take notes, please don't share them with anyone until you go to the jury room to decide the case. Don't let note-taking distract you from carefully listening to and observing the witnesses. When you leave the courtroom, you should leave your notes hidden from view in the jury room.

Whether or not you take notes, you should rely on your own memory of the testimony. Your notes are there only to help your memory. They're not entitled to greater weight than your memory or impression about the testimony.

Course of the trial:

Let's walk through the trial. First, each side may make an opening statement, but they don't have to. Remember, an opening statement isn't evidence, and it's not supposed to be argumentative; it's just an outline of what that party intends to prove.

Next, Plaintiff will present his witnesses and ask them questions. After Plaintiff questions the witness, Defendants may ask the witness questions - this is called "cross-examining" the witness. Then, Defendants will present their witnesses, and Plaintiff may cross-examine them. You should base your decision on all the evidence, regardless of which party presented it.

After all the evidence is in, the parties' lawyers will present their closing arguments to summarize and interpret the evidence for you, and then I'll give you instructions on the law.

**2.1 Stipulations**

Sometimes the parties have agreed that certain facts are true. This agreement is called a stipulation. You must treat these facts as proved for this case. The parties have agreed to the following facts as true by stipulation:

1. Plaintiff was employed by BELGA ENTERPRISES, INC.

2. During the relevant years of 2021, 2022, and 2023, BELGA ENTERPRISES, INC. grossed more than $500,000.00, annually.

3. During the relevant years of 2021, 2022, and 2023, BELGA ENTERPRISES, INC. had two or more employees who handled goods and materials that have previously been in interstate commerce.

*See* Joint Pretrial Stipulation.

## TO BE GIVEN AT THE END OF THE CASE

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case. When I have finished, you will go to the jury room and begin your discussions, sometimes called deliberations.

AUTHORITY:   Pattern Jury Instructions, Civil Cases, U.S. Eleventh Circuit; Instruction No. 1.1 and 3.1 (2013).

        GIVEN:
        GIVEN AS MODIFIED:
        WITHDRAWN:
        REFUSED:

**PROPOSED INSTRUCTION NO. 2**
**Official English Translation/Interpretation**

You may hear or see languages other than English during this trial. You must consider evidence provided through only the official court [interpreters/translators]. It is important that all jurors consider the same evidence. So even if some of you know Spanish, you must accept the English [interpretation/translation] provided and disregard any different meaning.

AUTHORITY:        Pattern Jury Instructions, Civil Cases, U.S. Eleventh Circuit; Instruction
                 No. 1.1 (2013).

                                    GIVEN:
                                    GIVEN AS MODIFIED:
                                    WITHDRAWN:
                                    REFUSED:

**PROPOSED INSTRUCTION NO. 3**
**The Duty to Follow Instructions**
**Corporate Party Involved**

Your decision must be based only on the evidence presented here.  You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole.  You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice.

11th Circuit Pattern Jury Instruction (Civil Cases) 2013.

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

<u>**PROPOSED INSTRUCTION NO. 4**</u>
**Consideration of Direct and Circumstantial Evidence; Argument of Counsel; Comments by the Court**

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

11th Circuit Pattern Jury Instruction (Civil Cases) 2013, 3.3.

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

**PROPOSED INSTRUCTION NO. 5**
**Credibility of Witnesses**

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?
- Did the witness have any particular reason not to tell the truth?
- Did the witness have a personal interest in the outcome of the case?
- Did the witness seem to have a good memory?
- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?
- Did the witness appear to understand the questions clearly and answer them directly?
- Did the witness's testimony differ from other testimony or other evidence?

11th Circuit Pattern Jury Instruction (Civil Cases) 2013, 3.3.

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

**PROPOSED JURY INSTRUCTION NO. 6**
**Impeachment of Witnesses**
**(Inconsistent Statement)**

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

11th Circuit Pattern Jury Instruction (Civil Cases) 2013, 3.5.1.

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

**PROPOSED JURY INSTRUCTION NO. 7**
**Responsibility for Proof - Plaintiff's Claim[s], Cross Claims, Counterclaims -**
**Preponderance of the Evidence**

In this case it is the responsibility of the Plaintiff to prove every essential part of his claim[s] by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that Plaintiff's claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the Plaintiff.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of Plaintiff's claim by a preponderance of the evidence, you should find for the Defendants as to that claim.

11th Circuit Pattern Jury Instruction (Civil Cases) 2013, 3.7.1.

> GIVEN:
> GIVEN AS MODIFIED:
> WITHDRAWN:
> REFUSED:

**PROPOSED JURY INSTRUCTION NO. 8**
**Fair Labor Standards Act**
**(29 USC Section 216)**

In this case, Plaintiff, COSME DE CALDERON LEMUS, claims that the Defendant did not pay him the overtime pay required by the federal Fair Labor Standards Act, also known as the FLSA. To succeed on his claim against the Defendant, the Plaintiff must prove each of the following facts by a preponderance of the evidence:

First: the Plaintiff was an employee of Defendant and was either engaged in commerce or in the production of goods for commerce or employed by an enterprise engaged in commerce or in the production of goods for commerce; and

Second: the Defendant failed to pay Plaintiff the overtime pay required by law. In the verdict form that I will explain in a moment, you will be asked to answer questions about the relevant factual issues.

The Parties agree that the Plaintiff was employed by Defendant during the period alleged in the Amended Complaint and that the entity Defendant was Plaintiff's FLSA employer and that the Defendant was an enterprise engaged in commerce or in the production of goods for commerce. Therefore, you should consider the First prong already established. However, the Parties dispute whether any overtime is due to Plaintiff; therefore, you must decide if any such wages are owed and if so how much.

In the verdict form that I will explain in a moment, you will be asked to answer questions about these factual issues.

In this case, the Plaintiff's claim period is December 3, 2022, through the alleged end of Plaintiff's employment in or around April 2, 2023, and therefore you will need to determine if he is owed overtime for that period and if so, how much.

The FLSA requires an employer to pay an employee at least one-and-one-half times the employee's "regular rate" for time worked over 40 hours in a workweek. Put another way, if an employee works more than 40 hours in one workweek, the employer must pay the employee the overtime rate of 1.5 times the regular rate for all time worked after the first 40 hours. This is commonly known as time-and-a-half pay for overtime work.

11th Circuit Pattern Jury Instruction (Civil Cases) 2013, 4.14. (MODIFIED).

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

**PROPOSED JURY INSTRUCTION NO. 9**
**Retaliation –FLSA**

In this case, COSME DE CALDERON LEMUS claims that BELGA ENTERPRISES, INC. retaliated against him because he took steps to enforce his lawful rights under the FLSA.

COSME DE CALDERON LEMUS claims that BELGA ENTERPRSIES, INC. terminated him because he complained about not getting paid all his overtime wages.

BELGA ENTERPRISES, INC. denies Plaintiff's claim and asserts that Plaintiff's termination was made for legitimate and non-retaliatory reason **– namely being caught stealing $53,700-worth of lottery tickets from it and that there is no connection between any such decision and the FLSA**.

To succeed on his claims, Plaintiff must prove each of the following facts by a preponderance of the evidence:

First:     COSME DE CALDERON LEMUS engaged in a protected activity;

Second:  BELGA ENTERPRISES, INC. then took an adverse employment action for which the law provides recourse;

Third:    That unlawful retaliation was the "but for" motive for any adverse employment decision (if any) taken by BELGA ENTERPRISES, INC. with respect to Plaintiff and that any non-retaliatory reason advanced by BELGA ENTERISES, INC. for its decisions was pretext; and

In the verdict form that I will explain in a moment, you will be asked to answer questions about these factual issues.

For the first element, the parties dispute whether or not Plaintiff engaged in any protected activity under the FLSA by complaining about unpaid overtime wages.

For the second element, COSME DE CALDERON LEMUS claims that BELGA ENTERPRISES, INC. took an adverse employment action against him when it terminated him.

**17** of **40**

BELGA ENTERPRISES, INC. does not dispute that it terminated COSME DE CALDERON LEMUS.

For the third element, if you find that COSME DE CALDERON LEMUS engaged in protected activity and that BELGA ENTERPRISES, INC. took an adverse employment action against him, you must decide whether BELGA ENTERPRISES, INC. took that action because of COSME DE CALDERON LEMUS's protected activity and not another reason. Put another way, you must decide whether COSME DE CALDERON LEMUS's protected activity was the main reason for BELGA ENTERPRISES, INC.'s decision.

To determine that BELGA ENTERPRISES, INC. took an adverse employment action because of COSME DE CALDERON LEMUS's protected activity, you must decide that BELGA ENTERPRISES, INC would not have taken the action had COSME DE CALDERON LEMUS not engaged in the protected activity but everything else had been the same. In other words, you must find that no other reason motivated BELGA ENTERPRISES, INC. to make those decisions.

BELGA ENTERPRISES, INC. denies that it took any adverse employment action with respect to COSME DE CALDERON LEMUS as a result of any complaint about unpaid overtime, and, that all employment actions related to COSME DE CALDERON LEMUS have been taken for non-retaliatory reasons. An employer may not take an adverse action against an employee because of the employee's protected activity. But an employer may take employment actions as to an employee for any other reason, good or bad, fair or unfair. If you believe BELGA ENTERPRISES, INC.'s reasons for its decisions, and you find that BELGA ENTERPRISES, INC. did not make its decisions because of COSME DE CALDERON LEMUS's protected activity, you must not second guess that decision, and you must not

substitute your own judgment for BELGA ENTERPRISES, INC.'s judgment – even if you do not agree with it.

If you find that COSME DE CALDERON LEMUS has proved each of the elements he must prove, you must decide the issue of his compensatory damages.

When considering the issue of COSME DE CALDERON LEMUS's compensatory damages, you should determine what amount, if any, has been proven by COSME DE CALDERON LEMUS by a preponderance of the evidence as full, just and reasonable compensation for all of COSME DE CALDERON LEMUS's damages. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize BELGA ENTERPRISES, INC. Also, compensatory damages must not be based on speculation or guesswork.

**Mitigation of Damages:** You are instructed that any person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to "mitigate" those damages. For purposes of this case, the duty to mitigate damages requires COSME DE CALDERON LEMUS to be reasonably diligent in seeking substantially equivalent employment to the position he held with COSME DE CALDERON LEMUS. To prove that COSME DE CALDERON LEMUS failed to mitigate damages, BELGA ENTERPRISES, INC. must prove by a preponderance of the evidence that: (1) work comparable to the position COSME DE CALDERON LEMUS held with BELGA ENTERPRISES, INC. was available, and (2) COSME DE CALDERON LEMUS did not make reasonably diligent efforts to obtain it. If, however, BELGA ENTERPRISES, INC. shows that COSME DE CALDERON LEMUS did not make reasonable efforts to obtain any work, then BELGA ENTERPRISES, INC. do not have to prove that comparable work was available.

If you find that BELGA ENTERPRISES, INC. proved by a preponderance of the evidence that COSME DE CALDERON LEMUS failed to mitigate damages, then you should reduce the amount of COSME DE CALDERON LEMUS's damages (if any) by the amount that could have been reasonably realized if COSME DE CALDERON LEMUS had taken advantage of an opportunity for substantially equivalent employment.

**Authority**: 11th Circuit Pattern Jury Instruction (Civil Cases) 2013, 4.22.

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

## PROPOSED JURY INSTRUCTION NO. 10
### Employer's Duty to Maintain Accurate Time Records

The employer has the duty to keep accurate time records. If an employer has failed to keep proper and accurate records and the employee does not have his own time records, the employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if she produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference.

**Authority**: *Allen v. Bd. of Pub. Educ. for Bibb Cty.*, 495 F.3d 1306, 1315 (11th Cir. 2007).

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

**PROPOSED JURY INSTRUCTION 10**
**Rest Time and Meal Time**

Bona fide meal periods are not worktime. Bona fide meal periods do not include coffee breaks or time for snacks. These are rest periods. The employee must be completely relieved from duty for the purposes of eating regular meals. Ordinarily 30 minutes or more is long enough for a bona fide meal period. A shorter period may be long enough under special conditions. It is not necessary that an employee be permitted to leave the premises if he is otherwise completely freed from duties during the meal period. Rest periods of short duration, running from 5 minutes to about 20 minutes, are common in industry. They promote the efficiency of the employee and are customarily paid for as working time. They must be counted as hours worked.

**Authority**: 29 C.F.R. § 785.18; *Burns v. C & W Lawn Care, Inc., et al.*, S.D. Fla. Case No. 1:19-cv-24146-LFL, *ECF No. 64* at p. 11

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

## PROPOSED JURY INSTRUCTION NO. 12
### "Work" Defined

"Work" is defined by the Fair Labor Standards Act as physical or mental exertion (whether burdensome or not) controlled or required by the employer and pursued necessarily and primarily for the benefit of the employer and his/her business.

**Authority**: *Tennessee Coal, Iron & R.Co. v. Muscoda Local No. 123,* 321 U.S. 590 (1944).

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

### PROPOSED JURY INSTRUCTION NO. 13
**Duty to Deliberate When Plaintiff Claims Damages**

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Any verdict you reach in the jury room must be unanimous--in other words, to return a verdict you must all agree.  Your deliberations will be secret; you will never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just

Because others think differently or because you simply want to get the case over with.

Remember, that in a very real way you are judges - - judges of the facts.  Your only interest is to seek the truth from the evidence in the case.

11th Circuit Pattern Jury Instruction (Civil Cases) 2013, 3.8.1.

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

**INSTRUCTION NO. 14**
**Election of Foreperson**
**Explanation of verdict form(s)**

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible—either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.

11th Circuit Pattern Jury Instruction (Civil Cases) 2005, 8.

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

15.   **4.14 FAIR LABOR STANDARDS ACT: 29 U.S.C. §§ 201 et. seq.**

*In this case, Plaintiff claim that the Defendants did not pay Plaintiff overtime wages required by the federal Fair Labor Standards Act, also known as the "FLSA". To succeed on this claim against Defendants, Plaintiff must prove each of the following facts by a preponderance of the evidence:*

*First: Plaintiff was an employee of Defendants.*

*Second: Plaintiff was employed by an enterprise engaged in commerce or in the production of goods for commerce; and.*

*Third: Defendants failed to pay Plaintiff overtime pay required by law.*

*[In the verdict form that I will explain in a moment, you will be asked to answer questions about these factual issues.]*

*For the first element, the parties have agreed or stipulated that Plaintiff was an employee of Defendant, so you do not need to decide this element.*

*For the second element, the parties have agreed or stipulated that Plaintiff was employed by an enterprise engaged in commerce subject to the overtime laws and FLSA so you do not need to decide this element.*

*For the third element, Plaintiffs must prove by a preponderance of the evidence that Defendants failed to pay Plaintiff overtime wages required by law.*

*Overtime claim: The FLSA requires an employer to pay an employee at least one-and-one-half times the employee's "regular rate" for time worked over 40*

*hours in a workweek. Put another way, if an employee works more than 40 hours in one workweek, the employer must pay the employee the overtime rate of 1.5 times the regular rate for all time worked after the first 40 hours. This is commonly known as time-and-a-half pay for overtime work.*

*Inadequate Records: The law requires an employer to keep records of how many hours its employees work and the amount they are paid. In this case, Plaintiffs claim that Defendants failed to keep and maintain adequate records of his hours and pay. Plaintiffs also claims that Defendants' failure to keep and maintain adequate records has made it difficult for Plaintiff to prove the exact amount of his claim.*

*If you find that Defendants failed to keep adequate time and pay records for either Plaintiff and that either Plaintiff performed work for which he should have been paid, either Plaintiff may recover a reasonable estimation of the amount of his damages. But to recover this amount, Plaintiff must prove by a preponderance of the evidence a reasonable estimation of the amount and extent of the work for which he seeks pay.*

*[Overtime claim: The FLSA requires [an] employer(s) to pay an employee at least one-and-one-half times the employee's "regular rate" for time worked over 40 hours in a workweek. Put another way, if an employee works more than 40 hours in one workweek, the employer(s) must pay the employee the overtime rate of 1.5*

*times the regular rate for all time worked after the first 40 hours. This is commonly known as time-and-a-half pay for overtime work.*

*A "workweek" is a regularly occurring period of seven days or 168 hours—seven consecutive 24-hour periods. Each workweek stands alone. Even if [name of plaintiff] worked more than 40 hours in one workweek and less than 40 hours in another, the law does not allow averaging the hours over two or more workweeks. For example, if an employee works 30 hours one week and 50 hours the next, [he/she] must receive overtime compensation for any overtime hours worked beyond the applicable maximum in the second week, even though the average number of hours worked in the two weeks is 40. The phrases "hours worked" and "time worked" include all time spent on activities controlled or required by the employer and pursued necessarily and primarily for the benefit of the employer and the employer's business. Such time constitutes "time worked" or "hours worked" if the employer knew or should have known of the overtime work.] [The employee's regular rate for one week is the basis for calculating any overtime pay due to the employee. The "regular rate" for a week is determined by dividing the total wages paid for the week by [40/the total number of hours [name of plaintiff]'s weekly salary was intended to compensate]. To calculate how much overtime pay was owed to [name of plaintiff] for a certain week, subtract 40 from the total number of hours [he/she] worked and multiply the difference by the overtime rate.*

*[Name(s) of defendant(s)] failed to pay [name of plaintiff] the required pay if [he/she/it/they] paid [him/her] less than that amount.]*

*The amount of damages is the difference between the amount [name of plaintiff] should have been paid and the amount [he/she] was actually paid. [Name of plaintiff] is entitled to recover lost wages from the date of your verdict back to no more than two years before [he/she] filed this lawsuit [date of complaint] unless you find that the employer(s) either knew or showed reckless disregard for whether the FLSA prohibited [its/their] conduct. If you find that the employer(s) knew or showed reckless disregard for whether the FLSA prohibited [its/their] conduct, then [name of plaintiff] is entitled to recover lost wages from date of your verdict back to no more than three years before [he/she] filed this lawsuit.*

Source: 11th Circuit Pattern Jury Instructions (Civil Cases) 2013, 4.14

**Given:** _____
**Modified:** _____
**Withdrawn:** _____
**Refused:** _____

**16.** 4.22 Retaliation –FLSA

*In this case, Plaintiff claims that Defendants retaliated against Plaintiff because he took steps to enforce his lawful rights under the FLSA. Laws that prohibit discrimination in the workplace also prohibit an employer from taking any retaliatory action against an employee because the employee has asserted rights or made complaints under those laws.*

*An employee may make a complaint for unpaid overtime as a means to enforce what he believed in good faith to be his lawful rights. So, even if a complaint of unpaid overtime against an employer is later found to be invalid or without merit, the employee cannot be penalized in retaliation for having made such a complaint if you find that the employee made the complaint as a means of seeking to enforce what the employee believed in good faith to be her lawful rights.*

*To establish "good faith," however, it is insufficient for Plaintiff merely to allege that her belief in this regard was honest and bona fide; the allegations and the record must also establish that the belief, though perhaps mistaken, was objectively reasonable. Plaintiff claims that Defendant terminated Plaintiff because Plaintiff requested unpaid overtime compensation. Defendant denies Plaintiff's claim and asserts that [describe the defendant's defense]. To succeed on his claim, Plaintiff must prove each of the following facts by the preponderance of the evidence:*

*First:  Plaintiff engaged in a protected activity; Second: Defendant then took an adverse employment action; Third: Defendant took the adverse employment action because of Plaintiff's protected activity; and Fourth: that the adverse employment action caused Plaintiff's damages.*

*[In the verdict form that I will explain in a moment, you will be asked to answer questions about these factual issues.]*

**17.**

**RECORD KEEPING OBLIGATION OF EMPLOYER UNDER THE FLSA**

*It is the employer's responsibility of keeping records of hours worked by employees under the Fair Labor Standard Act the law in this case for unpaid overtime. Where the employer's records of work time are inaccurate [or completely missing] and the employee cannot offer convincing substitutes  the*

*employee has carried out [his/her] burden if he/she proves that he/she has in fact performed work for which he/she has been improperly compensated and if he/she produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negate the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the [employee] may then [be] awarded damages even though the result be only approximate.*

Source: Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687 (1946).

**Given:**          _____
**Modified:**       _____
**Withdrawn:**          _____
**Refused:**        _____

## 18. FAIR LABOR STANDARDS ACT
## INDIVIDUAL LIABILITY

*In this case, Plaintiff filed his Complaint against Defendant Emilio L. Gonzalez in an individual capacity under the FLSA. Under the FLSA, an "Employer" includes any person acting directly or indirectly in the interest of an employer in relation to an employee. To be personally liable, an officer must either be involved in the day-to-day operation or have some direct responsibility for the supervision of the employees. Occasionally participating in the day-to-day operation of the business and exercising direct supervision of employees will qualify the corporate officer to be an "employer" under the law.*

*To be an "employer" under the law, Emilio L. Gonzalez must have been involved in the day-to-day operations of the business or have had some direct responsibility for the supervision of the employee. Some of the factors that may be considered are whether the individual is involved in the compensation of employees, determining employee salaries and the hiring or firing of employees or other matters in relation to an employee. Here, the parties have stipulated to the fact that Mr. Gismondi had operational control of Defendant Trattoria Romana, Inc.*

Source:

29 CFR §§ 779.266; 779.268;
Lamonica v. Safe Hurricane Shutters, Inc., 711 F. 3d 1299 (11th Cir. 2013);

Patel v. Quality Inn S., 846 F.2d 700, 706 (11th Cir.1988); Patel v. Wargo, 803 F.2d 632, 638 (11th Cir. 1986);

Donovan v. Janitorial Servs., 672 F.2nd 528, 531 (5th Cir. 1982)(occasional control does not diminish the significance of the existence of such control))

**Given:** _____

**Modified:** _____

**Withdrawn:** _____

**Refused:** _____

## 19. EMPLOYEE STANDBY OR WAITING TIME

*"Stand-by" time or "waiting" time is compensable under the FLSA if it is in furtherance of the employer's business objectives. Whether waiting time is time worked under the Act depends upon particular circumstances. The determination involves "scrutiny and construction of the agreements between particular parties, appraisal of their practical construction of the*

*working agreement by conduct, consideration of the nature of the service,*

*and its relation to the waiting time, and all of the circumstances. Whether*

*time is spent predominantly for the employer's benefit or for the employee's*

*is a question dependent upon all the circumstances of the case.*

**Source**: Armour & Co. v. Wantock, 323 U.S. 126 (1944) and Skidmore v. Swift &

Co., 323 U.S. 134 (1944), 29 CFR 785.14

**Given:**            _____
**Modified:**         _____
**Withdrawn:**        _____
**Refused:**          _____

13. "WORK" DEFINED

*"Work" is defined by the Fair Labor Standards Act as physical or mental exertion (whether burdensome or not) controlled or required by the employer and pursued necessarily and primarily for the benefit of the employer and his/her business.*

**Source**: Tennessee Coal, Iron & R.Co. v. Muscoda Local No. 123, 321 U.S. 590 (1944).
**Given:**        _____
**Modified:**        _____
**Withdrawn:**        _____
**Refused:**        _____

## 20. WORKWEEK

*Under the law all workweeks stand alone. This means that it is necessary for you to determine the hours worked by the Plaintiff on a weekly basis in determining whether he was not paid overtime compensation for all hours worked in excess of 40 hours during each workweek. The law does not permit the averaging of hours worked among workweeks. You cannot reduce the number of overtime hours you find the Plaintiff worked by hours not worked by the Plaintiff in other weeks. For example, if an employee worked 50 hours during one week and 30 hours the next, that employee must be found to have worked 10 overtime hours. You cannot find the employee worked less than 10 overtime hours because of a workweek where the employee worked fewer than 40 hours.*

Source: 29 USC § 201 et seq.; Anderson v.  Mt. Clemens Pottery Co., 328 U.S. 680 (1945).

**Given:** _____
**Modified:** _____
**Withdrawn:** _____
**Refused:** _____

## 21.  HOURS WORKED AND DEDUCTIONS

*Under the law, a non-exempt employee must be paid for all hours worked by his employer(s). Hours worked include any time the employee is permitted to work*

*on behalf of the employer, whether requested or required by the employer or not, and regardless of whether the work is directly related to the business operations of the employer(s) or is the type of work the employee was hired to perform. Work performed away from the employer's premises, while running errands, or while waiting, is hours worked. Rest or other periods of 20 minutes or less may not be deducted from the hours worked by an employee and must, therefore, be counted as hours of work if such breaks are authorized by the employer. Actual meal periods of 20 minutes or more during which the employee performs no duties and is completely relieved from duty are not hours worked. An employer may not attempt to add together separate periods less than 20 minutes in duration to create a deduction from actual work hours. As an example, an employee who per the employer's policy takes six (6) breaks of ten (10) minutes each is not subject to a one (1) hour deduction. Likewise, an employer cannot add together three (3) separate 19-minute periods and claim the employee should have 57 minutes deducted from their actual work time.*

**Source**: 29 C.F.R. §§785. 18 and 785.19; Martin v. Waldbaum, Inc., 1993 U.S. Dist. LEXIS 16007 at *5-6 (E.D.N.Y. Oct. 14, 1992); Usery v. Godwin Hardware, Inc., 426 F.Supp. 1243, 1265 (W.D. Mich. 1976); Brennan v. State of New Jersey, 364 F.Supp. 156, 158 (D.N.J. 1973); Mitchell v. Turner, 286 F.2d 104, (5th Cir. 1960).

**Given:** _____
**Modified:** _____
**Withdrawn:** _____

**Refused:** _____

## 22. WAIVER

*The law holds that an employee cannot waive, release or compromise the right to overtime wages without U.S. Department of Labor or Court approval. An employer is legally obligated to pay overtime regardless of whether an employee demands it and even if an employee agrees to forego payment of overtime. An employer is liable for overtime wages if it knew or should have known that an employee is working overtime; thus, actual knowledge is not the standard.*

**Source**: Brooklyn Savings Bank v. O-Neil, 324 U.S. 697, 706-07 (1945); Reich v. Department of Conservation & Natural Resources, 28 F. 3d 1076, 1082 (11th Cir. 1984); Mireles v. Frio Foods, Inc., 899 F. 2d 1407, 1411 (5th Cir. 1990); Lynn's Food Stores, Inc. v. U.S. Dept. of Labor, 679 F. 2d 1350 (11th Cir. 1983); Tho Dihn Tran v Alphonse Hotel Brennan v. Veterans Cleaning Service, Inc., 482 F.2d 1362, 1370 (5th Cir. 1973); Gaylord v. Miami-Dade County, 78 F. Supp. 2d 1320, 1325 (S.D. Fla. 1999)

**Given:** _____
**Modified:** _____
**Withdrawn:** _____
**Refused:** _____

## 23. FAIR LABOR STANDARDS ACT

### INDIVIDUAL LIABILITY

*In this case, Plaintiff filed his Complaint against Defendant Paulo De Melo in an individual capacity under the FLSA. Under the FLSA, an "Employer" includes any person acting directly or indirectly in the interest of an employer in relation to an employee. To be personally liable, an officer must either be involved in the day-to-day operation or have some*

*direct responsibility for the supervision of the employees. Occasionally participating in the day-to-day operation of the business and exercising direct supervision of employees will qualify the corporate officer to be an "employer" under the law.*

*To be an "employer" under the law, Paulo De Melo must have been involved in the day-to-day operations of the business or have had some direct responsibility for the supervision of the employee. Some of the factors that may be considered are whether the individual is involved in the compensation of employees, determining employee salaries and the hiring or firing of employees or other matters in relation to an employee.*

*Source:*

29 CFR §§ 779.266; 779.268;

Lamonica v. Safe Hurricane Shutters, Inc., 711 F. 3d 1299 (11th Cir. 2013);

Patel v. Quality Inn S., 846 F.2d 700, 706 (11th Cir.1988); Patel v. Wargo, 803 F.2d 632, 638 (11th Cir. 1986);

Donovan v. Janitorial Servs., 672 F.2nd 528, 531 (5th Cir. 1982)(occasional control does not diminish the significance of the existence of such control))

**Given:** _____

**Modified:** _____

**Withdrawn:** _____

**Refused:** _____